IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KASHIF FAHEEM DANIEL, *et al.*,      :
    Plaintiffs,      :
          :
    v.      :      CIVIL ACTION NO. 26-2220
          :
PHILADELPHIA LEGAL      :
ASSISTANCE ORG,      :
    Defendant.      :

## MEMORANDUM

**HODGE, J.**                                                    **MAY 15, 2026**

Plaintiffs Kashif Faheem Daniel and Shazia Gill, who are unrepresented litigants, commenced this action by filing a complaint asserting federal question jurisdiction. Currently before the Court are Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint ("Compl." (ECF No. 2)). Plaintiffs assert claims against Philadelphia Legal Assistance Org ("PLA").[1] (Compl. at 2.) For the following reasons, the Court will grant Plaintiffs leave to proceed *in forma pauperis*, dismiss their federal law claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss any state law claims they assert for lack of subject matter jurisdiction.

---

[1] The Court understands Plaintiffs to refer to Philadelphia Legal Assistance, a non-profit organization founded in 1996 that provides free civil legal services to Philadelphians who cannot afford an attorney. *See* https://philalegal.org/about/plas-history (last accessed May 14, 2026).

## I.  FACTUAL ALLEGATIONS[2]

Plaintiffs appear to seek the Court's assistance in preventing PLA from executing planned terror attacks on Easter. (Compl. at 2.) They allege that the events giving rise to their claims occurred in Philadelphia and overseas beginning in the last week of March 2026. (*Id*. at 5.) During that time, PLA, including non-Defendant PLA associate Cerdan Dionne and other key allies of the non-profit organization were orchestrating plans to implement attacks during Easter. (*Id*. at 2.) Plaintiffs aver that attacks have already begun elsewhere in the United States, and in Pakistan and India, and the potential exists that the attacks will spread to other countries. (*Id*.) They call on "all relevant authorities to mobilize and act decisively to ensure the safety and security of our communities from this imminent peril." (*Id*.)

Plaintiffs claim that they have experienced physical, social, and emotional loss as a result of PLA's conduct. (*Id*. at 6.) They seek an injunction preventing PLA from executing any terror plans or carrying out attacks on Easter.[3] (*Id*.) Additionally, they request an order prohibiting PLA from engaging in criminal activities that "threaten churches and innocent people worldwide." (*Id*.)

## II.  STANDARD OF REVIEW

The Court will grant Plaintiffs leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2] The factual allegations set forth in this Memorandum are taken from Plaintiffs' Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Plaintiffs' pleadings will be corrected for clarity.

[3] Plaintiffs do not specify if they refer to Easter 2026, which has already passed, but they also refer to "ongoing threats." (Compl. at 2.) In light of the Court's disposition of Plaintiffs' claims, it is not necessary to address whether the claims have become moot.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the pro se complaint as true, draw all reasonable inferences in Plaintiffs' favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Plaintiffs are proceeding pro se, the Court construes their allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (quoting *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"); *Wilkins v. United States*, 598 U.S. 152, 157 (2023) ("Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*.") (internal quotations omitted). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III.   DISCUSSION

### A.   Federal Claims

Plaintiffs invoke federal question jurisdiction and identify the "safety of the citizens" as the basis for that jurisdiction, implying they are attempting to raise a constitutional claim. (Compl. at 4.)  The vehicle by which federal constitutional claims may be brought in federal court, 42 U.S.C. § 1983, "does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002)).

To the extent that Plaintiffs assert that their constitutional rights have been violated, to pursue a claim under § 1983, they "must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Additionally, "[t]he color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation modified).

"Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Plaintiffs have not alleged facts to support a plausible conclusion that PLA's conduct satisfies any of the foregoing tests, and nothing in their Complaint suggests any factual or legal basis for concluding that PLA is a state actor subject to liability under § 1983. Moreover, "courts have [ ] consistently held that [ ] legal aid societies are not state actors for purposes of § 1983." *Graham v. Moon Lodge Chips Corp.*, No. 24-0124, 2024 WL 3275960, at *4 (E.D. Pa. July 1, 2024) (citing cases); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) ("[I]t is well-established that the Legal Aid Society and its attorneys do not act under color of state law by representing clients"). Because PLA is not a state actor, Plaintiffs' constitutional claims against it are not plausible and will be dismissed. Because any attempt to cure this deficiency would be futile, the dismissal will be prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

### B.    State Law Claims

Because the Court has dismissed their federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Plaintiffs may intend to pursue. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546

U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A non-profit corporation is a citizen of both its state of incorporation and principal place of business. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022). It is Plaintiffs' burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020) (same).

Plaintiffs do not allege the citizenship of the parties. Rather, they provide only Pennsylvania addresses for themselves and PLA, which suggests that all parties may be Pennsylvania citizens and, therefore, not diverse. Accordingly, Plaintiffs have not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims they intend to pursue.

Additionally, although Plaintiffs allege that they have suffered a financial injury, (*see* Compl. at 6), they do not allege that the amount in controversy in this case exceeds $75,000. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less

7

than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). For this reason, too, Plaintiffs have failed to satisfy their burden of establishing the existence of diversity jurisdiction, and any state law claims they intend to pursue will be dismissed for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs leave to proceed *in forma pauperis*, dismiss their constitutional claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss any state law claims they assert without prejudice for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

KELLEY BRISBON HODGE, J.